UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON M., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:24-cv-00768-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On June 10, 2021, plaintiff filed their applications for SSI and DIB, alleging a disability onset date of April 30, 2018. AR 283-312, 321-27. Plaintiff requested a closed period of disability from April 30, 2018 through August 18, 2022 based on medical improvement. AR 349, 51.

On May 3, 2023 a hearing was conducted by ALJ Laureen Penn. AR 27-96. On June 28, 2023 the ALJ issued a decision finding plaintiff did not meet the criteria for disability benefits. AR 17-39. The ALJ concluded plaintiff would have been disabled

when his substance abuse was considered but would not have been disabled from April 30, 2018 through the date of the decision if he had stopped substance use earlier. AR 18, 39. On March 28, 2024, the Appeals Council ("AC") denied the request for review. AR 1-6. Plaintiff filed this appeal.

The ALJ found plaintiff had the following severe impairments: cirrhosis, alcoholic liver disease, portal hypertension, anemia, inguinal hernia, alcoholism, anxiety, and major depressive disorder. AR 20. As a result, the ALJ found plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following additional limitations:

> The claimant can lift and carry 10 pounds occasionally, 10 pounds frequently; can stand and walk for two hours and can sit for six hours; can occasionally climb stairs and ramps; can frequently balance, stoop, crouch, kneel, and crawl; but cannot climb ladders, ropes or scaffolds and cannot have concentrated exposure to hazards, including unprotected heights and dangerous moving machinery. The claimant can understand, remember and carry out simple instructions and can use judgment to make simple work-related decisions; can occasionally interact with supervisors, coworkers and the public; can sustain concentration and persist for periods of two hours at a time; and can deal with occasional changes in a routine work setting. The claimant would be absent from work two days per month.

AR. 24. The ALJ found that if plaintiff stopped the substance use, he would have the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following additional limitations:

> The claimant can lift and carry 10 pounds occasionally, 10 pounds frequently; can stand and walk for two hours and can sit for six hours; can occasionally climb stairs and ramps; can frequently balance, stoop, crouch, kneel and crawl; but cannot climb ladders, ropes, or scaffolds and cannot have concentrated exposure to hazards, including unprotected heights and dangerous moving machinery. The claimant can understand, remember and carry out simple instructions and can use judgment to make simple work-related decisions; can occasionally interact with supervisors, coworkers and the public; can sustain concentration and persist for periods of two hours at a time; and can deal with occasional changes in a routine work setting.

2

Ar. 32.

The ALJ found that if plaintiff stopped the substance use, plaintiff could perform these jobs: document preparer (DOT #249.587-018), parimutuel ticket checker (DOT #219.587-010), tube operator (DOT #239.687-014), sorter (DOT #521.687-086), table worker (DOT #739.687-182), and addresser (DOT #209.587-010). AR 37.

## DISCUSSION

The parties agree that the ALJ committed harmful error at step five. Dkt. 11, defendant's brief at 1-2, requesting remand. The burden of proof is on the Social Security Administration in step five of the five-step review process, to show the claimant can perform other jobs in the national economy that exist in significant numbers. *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002). In doing so, the Commissioner has relied on testimony from a vocational expert ("V.E.") and the Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1520(a)(4)(v), §404.1560, §404.1566(e). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An ALJ may take administrative notice of any reliable job information. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005).

The issue before the Court is limited to whether remedy would be for a remand for award of benefits, or a remand for further proceedings. Dkt. 11. at 3-4; Dkt. 12, plaintiff's reply brief at 1.

**Whether the Court should reverse with a direction to award benefits.**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

3

an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed an analysis that includes three elements all of which must be satisfied for a remand to award benefits. Such remand is generally proper only where:

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The court is prohibited from accepting as true improperly rejected evidence and skipping to the consideration of whether there are outstanding issues that remain. *Leon v. Berryhill,* at 1046; *Dominguez v. Colvin,* 808 F.3d 403, 409 (9th Cir. 2015). As to the third step, "the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true." *Dominguez,* 808 F.3d at 407.

"Except in rare circumstances", the district court should "remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc., Sec. Admin.,* 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit emphasized in *Leon* that even when each element or the review concerning the appropriate remedy on remand is

1 satisfied, the district court still may remand for further proceedings or for award of
2 benefits. *Leon*, 80 F.3d at 1045; see also, *Burrell v. Colvin,* 775 F.3d 1133, 1141-1142
3 (9th Cir. 2014) (even assuming all three elements of the criteria for deciding the remedy
4 were satisfied, the Ninth Circuit found the record as a whole created serious doubt
5 about whether the plaintiff was disabled; remand for award of benefits was therefore
6 unwarranted).

7     The parties agree that part two of the remedy analysis is satisfied, but the first
8 element – whether the record needs further development, and whether outstanding
9 issues and ambiguity exists that could be addressed on remand – is at issue. *Trevizo*,
10 871 F.3d at 682-83. As for element two, plaintiff asks that the Court remand for an
11 award of benefits based on the ALJ's errors at step five.

12     As for element one, plaintiff asserts that a remand for further administrative
13 proceedings would serve no useful purpose because the ALJ has already weighed the
14 evidence and made findings about plaintiff's RFC if he had stopped using substances
15 and under the law of the case doctrine the ALJ would have to make the same findings
16 on remand. Dkt. 9 at 5.

17     The Commissioner contends there is a useful purpose to be served by
18 remanding for additional proceedings. According to the Commissioner, even the
19 hypothetical presented by plaintiff's counsel demonstrated that plaintiff could not
20 perform the occupations identified at step five, that still does not demonstrate disability
21 because the jobs identified are not an exhaustive list of the occupations plaintiff could
22 perform. Dkt. 11 at 4.

The parties disagree about the interpretation of the V.E.'s testimony. *Compare,* Dkt. 9, Opening Brief, at 5, and Dkt. 12, Reply Brief, at 1-4; with Dkt. 11, Defendant's Brief, at 4. During the hearing, the V.E. stated that the training period for the identified jobs "could be a one-on-one where you shadow somebody and then you're doing the work and it could last a few days." AR 93. Counsel for plaintiff posed the following hypothetical to the V.E., modified from the first hypothetical posed by the ALJ:

> Say that during the period of training, whatever that is, be a couple hours, a day, a couple days, that an individual could only be able to do the training with a coworker or supervisor only 1/3 of the time. So up to 1/3 of the time they can handle it, the other, you know 2/3 they're not able to handle the type of interactions would such an individual even sustain that job through the probationary period?

AR 93-94.[1] The V.E. responded "No." AR 94. Plaintiff argues that this testimony does not support the ALJ's determination that if plaintiff had been able to stop his substance use earlier, he would have been able to "occasionally interact with supervisors, coworkers, and the public" (AR 32). Dkt. 9 at 4.

"Occasionally" is defined in this context as "occurring from very little to up to one-third of the time." SSR 83-10. Plaintiff argues that this case is like *Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114 (9th Cir. July 5, 2023), an unpublished Ninth Circuit opinion in which the Court remanded for an immediate award of benefits based on the

---

[1] The first hypothetical posed by the ALJ is as follows: "I would like you to assume a person who has the same age, education, and past work that you classified. Also assume that the person can lift and carry ten pounds occasionally, ten pounds frequently. The person can stand and walk for two hours and can sit for six hours. The person can occasionally climb stairs and ramps, can frequently balance, stoop, crouch, kneel, and crawl but cannot climb ladders, rope, or scaffold and cannot have concentrated exposure to hazards including unprotected heights and dangerous moving machinery. The person can understand, remember, and carry out simple instructions and can use judgment to make simple work related decisions. The person can occasionally interact with supervisors, coworkers, and the public. The person can sustain concentration and persist for a period of two hours at a time, and can deal with occasional changes in a routine work setting." AR 81-82.

ALJ's erroneous finding that the plaintiff could tolerate additional time with supervisors during the training period, despite determining that the plaintiff was limited to occasional interaction with supervisors. *Leitz*, 22-35356, 2023 WL 4342114, at *2-3.

In *Leitz*, the ALJ held that the plaintiff "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)." *Leitz*, 22-35356, 2023 WL 4342114, at *2. The Ninth Circuit determined that the "training-period caveat" was not supported by the record. *Id.* The Court explained there was no evidence that the plaintiff's mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods." *Id*.

The Commissioner argues that the V.E.'s answer to the hypothetical did not demonstrate that the training period required consistent ongoing interaction and thus this case is distinct from *Leitz*. Dkt. 11 at 4. But, the Commissioner does not address why consistent ongoing interaction during the training period would be required to find an inconsistency; the hypothetical posed to the V.E. was phrased as "up to one-third of the time," which is consistent with SSA's definition of occasionally. *See* SSR 83-10. Other district courts have applied *Leitz* in the context of jobs that would require one to two days of training with frequent interaction. *See James R. v. Comm'r of Soc. Sec.*, 2024 WL 5182368, at *4 (W.D. Wash. Dec 20, 2024). In this case, the RFC included a limitation that plaintiff could have only occasional interaction with supervisors and co-workers. As in *Leitz*, there was no evidence that the plaintiff's mental problems were "somehow alleviated during training periods because they are less likely to include

supervisor [or co-worker] interactions than other work periods, or that employers would be willing to tolerate [his] limitations during training periods." *Leitz*, 22-35356, 2023 WL 4342114, at *2.

Another district court, which applied *Leitz* and determined that the ALJ did not err, considered the fact that the plaintiff had testified that he did not mind being around others but did not like being in crowds, his father stated that he didn't mind people, he just did not like to be around a lot of people, and the medical opinions relied on by the ALJ both limited the plaintiff only in contact with the general public. *Justin P. v. O'Malley*, 2024 WL 1559545, at *7-8 (E.D. Wash. April 10, 2024).

Here the ALJ did not specifically explain the conclusion that plaintiff could occasionally interact with supervisors, coworkers, and the public. Even so, the ALJ did find the opinion of Dr. Reginald Adkisson, Ph.D. generally persuasive; Dr. Adkisson opined plaintiff had a mild limitation in the area of social interaction based on plaintiff's "ability to interact previously with employment" and plaintiff's report that the ability to rejoin a work crew may help improve mood and emotions. AR 1566. As in *Leitz*, neither this opinion nor the supporting evidence in the record cited by the ALJ (AR 1585-88, 1594, 1599-1602, 1694) support a conclusion that plaintiff could interact more than occasionally during the training period. The ALJ was not free to ignore the uncontested testimony of the V.E. *See Moisa v. Barnhart,* 367 F.3d 882, 885-887 (9th Cir. 2004) (remand for award of benefits was appropriate where the V.E.'s uncontested testimony showed plaintiff was disabled).

There is no ambiguity or conflict that would be resolved through a new hearing on remand. The V.E. unambiguously testified that an individual with a limitation where

they could not handle interactions with coworkers or supervisors during two thirds of the time during the training period would be unable to sustain that job through the probationary period. AR 93-94. The ALJ limited plaintiff to occasionally interacting with supervisors, coworkers, and the public, and no evidence suggests that this could be expanded upon during the training period.

Remanding to allow the ALJ to again review whether the Commissioner's burden of proof at step 5 has been met, and whether there are additional jobs that plaintiff could perform during the relevant period, is not a useful purpose. This consideration is for a closed period from April 30, 2018 through August 18, 2022, and there is no ambiguity in the testimony of the V.E. concerning the training period.

## CONCLUSION

The ALJ improperly determined plaintiff to be not disabled. The three-part analysis of *Leon v. Berryhill,* 880 F.3d at 1045-1046, *Trevizo*, 871 F.3d at 682-83, and other Ninth Circuit precedent shows an award of benefits is the appropriate remedy. Therefore, the ALJ's decision is reversed and remanded for a calculation of an award of benefits.

Dated this 6th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge